Williams, Judge,
delivered the opinion of the court:
The United States Department of Agriculture, in November 1930 was operating a cold-storage and refrigerating plant in Center Market in Washington, D.C. The plant was operated as an ordinary business enterprise, charges being made for storage space and goods accepted for storage in the same manner as in other cold-storage plants in the District of Columbia.
The plaintiff, on November 17, 1930, delivered to the defendant for cold storage 1,547 pounds of dressed turkeys packed in barrels. The defendant’s agents accepted the turkeys for storage, receipted the plaintiff for them, and placed them in a storage room in its refrigerating plant.
The findings show that the turkeys had been killed, dressed, and packed by the plaintiff in the usual and proper manner employed in preparing turkeys for cold storage, and that they were in good condition when they were received and accepted by the defendant for storage.
The findings further show that the turkeys, when withdrawn from storage, one week later, November 24, 1930, *282 were spoiled and that they were rejected by the Sanitary Grocery Company, to whom they had been previously sold.
By accepting plaintiff’s turkeys for cold storage, for compensation, the United States became a bailee for hire, and incurred the same obligations to the plaintiff for the safe keeping of his property as an individual would have incurred in like circumstances. Lyons v. United States, 30 C.Cls. 352; Kiskadden v. United States, 44 C.Cls. 205.
Proof that the goods in the hands of a bailee for hire have been injured or destroyed while in his exclusive possession raises a prima facie case of negligence on his part, which it is incumbent upon him to overcome by a preponderance of the evidence. Kiskadden v. United States, supra. The bailee, however, is not an insurer of the goods and may overcome the presumption of negligence by showing that he used ordinary diligence and that the loss or damage occurred through some cause consistent with due care on his part. 6 Corpus Juris, Bailment, cases cited, section 160.
The turkeys when delivered to the defendant, November If, 1930, were in good condition. When they were returned to plaintiff, November 24, 1930, they were spoiled. Proof of these facts raises a prima facie case of negligence against the defendant. The defendant has sought to overcome this prima facie case of negligence by showing that it maintained the proper temperature — 32 to 36 degrees Fahrenheit — in the room where the turkeys were stored, and that it would have been impossible for them to have become spoiled if thejr had been properly dressed and packed for storage. Readings of the temperature were made and recorded at intervals of four hours during the time the turkeys were in storage. They were made by three employees of the defendant who worked in single shifts; that is to say, no two of its employees were together at any one time when readings were made. The records of these readings, during the period involved, have been lost and were not available as evidence. While each of the employees testified that the temperature at all times when readings were made by them ranged from 32 to 36 degrees Fahrenheit, their testimony is far from conclusive when considered with the other evidence in the record.
*283 Either one of two things must be true; the plaintiff did not properly prepare the poultry for storage or the defendant did not maintain the proper temperature in its plant. We have found that the turkeys were killed, dressed, and packed by the plaintiff in the usual and proper manner employed in the trade in preparing turkeys for storage. This finding is based on the uncontradicted testimony of reputable witnesses who had actual knowledge of the facts as to the dressing and packing of the turkeys, and the testimony of expert witnesses that the method employed was the proper and usual one and that turkeys so dressed and packed would not and could not become spoiled within a week if stored in a room with proper refrigeration. In view of these facts and the further fact that the records of the temperature readings are lost and are not in evidence, we have found that there is no satisfactory proof in the record upon which a finding can be made as to the temperature in the defendant’s storage rooms where the turkeys were kept. The defendant has failed to overcome, by a preponderance of the evidence, the prima facie case of negligence on its part, raised by proof of the fact that it received the turkeys in good condition, had them in its exclusive possession for a week, and returned them to the plaintiff in a damaged •condition.
The plaintiff, upon the findings, is entitled to recover the value of the turkeys, and is hereby awarded a judgment in the sum of $464.10. It is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.